## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| CARL LUCAS, JR. and BETTYE CLAY,   )<br>                                   )<br>           Plaintiffs,              )<br>                                   )<br>v.                                 )<br>                                   )<br>ABBOTT LABORATORIES,               )<br>                                   )<br>           Defendant.              ) | Case No. 3:12-cv-3654-D<br><br>Hon. Jane J. Boyle |

## PROTECTIVE ORDER

WHEREAS, the parties in the above-entitled action believe that parties and non-parties

may be asked to produce documents, provide testimony, or otherwise supply information that

contains trade secrets, confidential, or proprietary information in connection with discovery in

the above-entitled litigation; and

WHEREAS, the parties believe that it is appropriate for this Court to issue a protective

order to permit the disclosure of such trade secret, confidential, or proprietary information in

connection with the above-entitled litigation, but to protect that information from public

disclosure;

IT IS HEREBY STIPULATED AND AGREED by and between plaintiffs and defendant

Abbott Laboratories, through their respective counsel, that, during this action, with respect to the

disclosure of any information, documents, or things obtained by any party to this action, where

such items are asserted to contain or compromise trade secret, confidential, or proprietary

information, the following procedures shall be employed and the following restrictions shall

govern:

1.     All documents produced in the course of discovery, all responses to discovery

requests and all deposition testimony and deposition exhibits and any other materials which may

be subject to discovery (hereinafter collectively "documents") shall be subject to this Order concerning confidential information as set forth below.

2.      Documents which any party to this action believes in good faith are confidential shall be so designated by placing or affixing the word "CONFIDENTIAL" on the document in a manner which will not interfere with the legibility of the document and which will permit complete removal of the Confidential designation. Documents shall be designated CONFIDENTIAL prior to, or contemporaneously with, the production or disclosure of the documents. The inadvertent production of information subsequently determined by a party to be confidential shall not be deemed a waiver of the confidentiality of the disclosed information. If such information is inadvertently disclosed, the producing party shall, upon becoming aware of the inadvertent disclosure, identify what information is claimed by the disclosing party to be confidential, at which point the receiving party shall refrain from disclosing the claimed confidential information and immediately return such disclosed information to the producing party who shall mark the information confidential.

3.      Any party may designate documents as CONFIDENTIAL but only after review of the documents by an attorney who has, in good faith, determined that the documents contain either:  (a) sensitive personal information, including, but not limited to, social security numbers, telephone numbers, home addresses, and health and other information protected by HIPAA; (b) trade secrets; and/or (c) information that might place the party at a competitive disadvantage. This Order shall not apply to any documents or materials which are available through the public domain. Documents and materials available through the public domain include those documents or materials which may be obtained through the media, unrestricted access to government records, or from other public records or files. This Order shall not apply to any documents or

2

materials obtained from some source other than the producing party and shall not apply to any documents already possessed by a receiving person at the time the documents or materials are provided.

4.      The party asserting confidentiality of any information or documents bears the burden of justifying any such request for confidentiality.

5.      All provisions of this Order restricting the use of documents designated CONFIDENTIAL shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered or as otherwise provided in this Order.

6.      Either party may apply for modification or relief from this Order by petitioning the Court or by agreement.

7.      All confidential information may be shared only with the following persons on behalf of a receiving party in each applicable instance:

> a)      The Court and its officers, subject to the provisions of Paragraphs 9, 12, and 19 of this Order;
>
> b)      The parties;
>
> c)      The parties' counsel, their counsel's employees, experts, independent contractors and investigators, to the extent that those individuals are involved in the representation of the parties for the purposes of this litigation;
>
> d)      Non-party deponents, witnesses, or potential witnesses (whose depositions have been noticed or who have been included on a witness list provided to the opposing party), who elect to be bound by the terms of this Order and executed a copy of the Declaration attached hereto as Exhibit A;
>
> e)      Notwithstanding anything to the contrary herein, all items of discovery may be disclosed to a person indicated as the author, direct recipient, or copy recipient of the information; and
>
> f)      Documents designated CONFIDENTIAL shall be used solely for the prosecution or defense of the claims in this matter and shall not be used for any other business, commercial, competitive, personal, or other purpose, or in, or as a predicate to, any other litigation. Documents designated CONFIDENTIAL shall not be disclosed by any party or counsel to any other person or source, except as

permitted herein.  Notwithstanding the foregoing, Plaintiffs' counsel may use documents designated CONFIDENTIAL in this matter in other litigation in which Plaintiffs' counsel are counsel of record in a lawsuit against Abbott relating to Humira.  If any documents designated CONFIDENTIAL in this matter are used in such other litigation, the court in such other litigation shall have all the power and authority that this Court has regarding the continued confidentiality of those documents.

8.     If any deposition or trial testimony discloses information which a party considers confidential, counsel shall advise the court reporter of the same within thirty (30) days after the testimony is transcribed and transmitted to counsel and to the witness for his or her review and signature.  The court reporter shall then separate those portions of the testimony which are deemed confidential and shall mark the face of the transcript with the word "CONFIDENTIAL" and proceed to seal that portion of the final official transcript.  This portion of the transcript will be treated as confidential information pursuant to the terms of this Order.

9.     If any party to this Order wishes to provide access to or disseminate information obtained during discovery, to any person not otherwise entitled to access such information as set forth herein, the parties will attempt to resolve the matter by agreement.  If the parties fail to agree within fifteen (15) days from service of the written notice to the other party that such dissemination is sought, the party seeking to make such disclosure may move the Court for an order that such person(s) be given access to such information, and the producing party may oppose the motion.  The burden of proving the necessity of a confidential designation remains with the party asserting confidentiality.  During the pendency of the motion, the party seeking disclosure may not disclose the disputed information to any such person.

10.    If any non-party is called upon by subpoena, court order, or otherwise to provide or produce documents or information that the non-party accessed through this litigation and

which was considered CONFIDENTIAL under this Order, the non-party shall immediately contact the parties to this agreement so that the parties can have the opportunity to intervene in the request to the non-party or otherwise communicate with the requester of the information to ensure the information is protected accordingly.

11.    In the event a party seeks to file any material that is subject to protection under this Order with the Court, that party shall take appropriate action to ensure that the documents receive proper protection from public disclosure including:  (1) filing a redacted document with the consent of the party who designated the document as confidential; (2) where appropriate (e.g. in relation to discovery and evidentiary motions), submitting the documents solely for in camera review; or (3) where the preceding measures are not adequate, seeking permission to file the document under seal pursuant to the rule or procedure as may apply in the relevant jurisdiction. Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to submit the document to the court shall first consult with counsel for the party who designated the document as confidential to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection.  This duty exists irrespective of the duty to consult on the underlying motion.  Nothing in this Order shall be construed as a prior directive to the Clerk of Court to allow any document be filed under seal. The parties understand that documents may be filed under seal in accordance with the Local Rules.

12.    Any Confidential information that is used in any court proceeding in this litigation shall not lose its "Confidential" status through such use.  While nothing herein is intended to prevent any party from using confidential material at trial, parties shall take all reasonable steps required to protect its confidentiality during such use.

13.     Counsel for the parties shall take reasonable efforts to prevent unauthorized disclosure of documents designated as Confidential pursuant to the terms of this Order.

14.     Neither the taking of any action in accordance with the provisions of this Order nor the failure to object to such action shall be construed as a waiver of any claim or defense in this action.

15.     Nothing shall prevent disclosure beyond the terms of this Order if the producing party consents in writing or on the record to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

16.     Within sixty (60) days after the conclusion of the litigation, including conclusion of any appeal, all documents treated as confidential under this Order shall be returned to the producing party, unless the parties stipulate to destruction in lieu of return; provided, however, that counsel of record  in this case may retain for their files, copies of any of their work product, pleadings, court filings, briefs, and exhibits, which incorporate or contain documents, information or material designated "CONFIDENTIAL" so long as the work product does not duplicate verbatim substantial portions of text of the confidential documents.  An attorney may use his or her work product in subsequent litigation provided that its use does not disclose the Confidential information.

17.     If any non-party shall be called upon by subpoena or otherwise, to provide or produce documents or information considered confidential by such non-party, or if documents generated by a non-party are covered by non-disclosure agreement are to be produced by a party, such non-party may elect to be bound by the terms of this Protective Order and to receive the benefits of this Protective Order, by notifying counsel for all parties in writing (which may be by e-mail).

18.     Nothing in this Order shall impose any obligation on the Court and the Court's staff.  Further, nothing in this Order shall be construed as a prior directive to the Clerk of Court to allow any document be filed under seal.  The parties understand that documents may be filed under seal in accordance with the Local Rules.

19.     This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery.  Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as CONFIDENTIAL by counsel is subject to protection under Texas law or otherwise until such time as a document-specific ruling shall have been made.

IT IS SO ORDERED.

DATE: _Oct. 21, 2013_

_U.S. DISTRICT JUDGE_

7