# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| CARL LUCAS, JR. AND BETTYE CLAY, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>ABBVIE, INC., )<br>)<br>Defendant. )<br>) | No. 3:12-CV-3654-D<br><br>Hon. Jane Boyle |

### PLAINTIFFS' EMERGENCY MOTION TO REVISE SCHEDULING ORDER (OPPOSED ONLY AS TO FACT DISCOVERY) AND FOR A CASE MANAGEMENT CONFERENCE

Pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure, Plaintiffs' File this Emergency Motion to Revise the Court's existing Scheduling Order. Fact discovery is currently scheduled to conclude in this complex pharmaceutical products liability matter on July 30, 2014. [Dkt. 68].

Plaintiffs are required to bring this Motion because Defendant AbbVie has refused any extension of fact discovery, notwithstanding: a) a recent production dump of documents in the wrong file formats, b) the late identification of witness dates of availability in a manner precisely designed to maximize travel inconvenience to Plaintiffs' counsel, and c) the discovery by Plaintiffs of the necessity of filing a motion to compel soon hereafter. As a result, circumstances are substantially changed in a drastic manner that Plaintiffs believe requires a very modest extension to the fact discovery period of forty-five days.

At the same time, the Parties have successfully negotiated and agreed upon a proposed sequencing of expert discovery and revised dispositive motion dates. Those agreed adjusted dates are also the subject of this Motion to Extend the Court's Scheduling Order.

**The Litigation Posture and Changed Circumstances**

Although the parties have conducted extensive written discovery and Plaintiffs' designated eight experts on June 16, only a single deposition has been taken in this case, the deposition of the prescribing physician, Dr. Alan Menter, on June 17. Pursuant to the Court's Order, the Parties also conducted mediation on June 20 with Mark Gilbert, Esq., which was unsuccessful.

Since the Scheduling Order [Dkt. 68, 74] was last amended as a result of an Agreed Motion, the circumstances and posture of discovery have dramatically changed. A brief indisputable discovery timeline shows how AbbVie has back-loaded discovery in an effort to compel the Plaintiffs to navigate both the processing of 100,000s of pages of documents and flying across the country to cover depositions not previously identified until the end of the discovery period, despite early requests by Plaintiffs.

| Date | Discovery Event |
|---|---|
| Sept. 25, 2013 | AbbVie furnishes written responses to Plaintiffs First Set of Document Requests and Interrogatories |
| Jan. 14, 2014 | Plaintiffs furnish 30(b)(6) Notices of Deposition for Abbott Laboratories and AbbVie, Inc. |
| Feb. 14, 2014 | AbbVie furnishes its first hard-drive production of documents to Plaintiffs |
| Mar. 4, 2014 | Plaintiffs E-discovery vendor signals the live availability of documents on the Lucas case database |
| May 9, 2014 | AbbVie produces an additional hard drive containing over 300,000 pages of material in the wrong file format |
| May 14, 2014 | AbbVie produces an additional hard drive containing over 250,000 pages of material in the wrong file format |
| May 29, 2014 | Plaintiffs' Counsel Alexei M. Silverman sends emails to AbbVie counsel asking for dates for sales representative depositions and previously noticed 30(b)(6) depositions, noting that he is out of town for mid-July |
| June 13, 2014 | AbbVie produces an additional hard drive containing over 46,000 pages of material in the wrong file format, more than nine months after discovery responses were served |

| | |
|---|---|
| June 16, 2014 | AbbVie produces an additional hard drive containing over 116,000 pages of material in the wrong file format, more than nine months after discovery responses were served |
| June 16, 2014 | Plaintiffs comply with the Court-Ordered Deadline for Designation of Experts |
| June 17, 2014 | Deposition of Dr. M. Alan Menter |
| June 20, 2014 | Mediation with Mark Gilbert, Esq. per Court Order |
| June 24, 2014 | Almost one month after counsel's request and six months after the notice, Plaintiffs receive letter from Brent Rogers, AbbVie counsel, identifying for the first time three 30(b)(6) designees and offering them on three non-consecutive dates in Chicago, a district sales manager and science liaison on single dates in Dallas and Houston, and notices the deposition of a treating physician in Houston on July 25 |
| July 2, 2014 | Plaintiffs receive email from Brent Rogers identifying an additional 30(b)(6) witness available on a single non-consecutive July date in Chicago, as well as asking for dates for depositions of Mayo Clinic physician, Dr. Amin, again before the end of July |

Combined Certificate of Conference and Declaration of Alexei M. Silverman, Esq. ¶ 7 ("Silverman Decl. ¶").

In summary, based on the above, the following circumstances have changed in a manner that dictates a forty-five day extension of fact discovery:

1) Plaintiffs received a massive document dump from Defendant AbbVie (AbbVie) in the last five weeks, namely three additional hard drives containing approximately 700,000 pages of material rendered in the wrong file formats (multi-page .tiffs instead of single-page .tiffs) (including approximately 200,000 pages alone produced on June 13 and June 16 (coinciding with the date of Plaintiffs' expert designations)). Plaintiffs' e-discovery vendor informs counsel that there are substantial ensuing delays in the upload and ability to review these additional voluminous documents due to wrong file format. Defendant AbbVie has agreed to re-produce the material, but that has yet to occur as of the date of this filing.

2) In preparing for sales representative depositions scheduled to take place on July 8, 10, and 29, Plaintiffs have discovered the necessity of filing a motion to compel production (which will likely follow soon after AbbVie responds to the requested meet and confer sometime next week). The imminence of this motion now requires that Plaintiffs hold open these depositions of AbbVie sales and/or marketing executives until adequate searches for documents are performed and missing documents, including emails among sales staff, are produced. Others that are taken in July pursuant to agreement, will be taken subject to the right to re-depose the witnesses and to seek costs.

3) 30(b)(6) notices were sent to both Abbott Laboratories and AbbVie, Inc. on January 14, 2014. Yet, AbbVie waited until June 24 and July 2, after a failed mediation, to initially designate four 30(b)(6) witnesses for their depositions on four separate dates in Chicago (July 16, July 21, July 25, and July 30), which would require one or more of Plaintiffs' counsel to travel to Chicago in a single month on separate occasions. Common practice and courtesy would dictate that AbbVie agree to hold back-to-back depositions so only one Chicago trip is necessary for counsel.

4) AbbVie's counsel also noticed four other depositions towards the very end of July: Plaintiffs Carl Lucas, Jr. and Bettye Clay on July 29 in Dallas; Dr. Sekula-Gibbs, a treating dermatologist, on July 28 in Houston; and Dr. Sheryasee Amin, a Mayo Clinic treating rheumatologist, in Minnesota on a date prior to the end of July. AbbVie has previously tendered dates for three other previously requested fact witnesses in the month of July. This would require one of Plaintiffs' three counsels to participate in a cumulative total of thirteen depositions during the last month of

discovery. At the same time, AbbVie is aware based on telephonic conferences that Plaintiffs must then engage in a mad scramble to review new documentary material provided in the wrong file format and which now must be re-produced by AbbVie and then processed by an e-discovery vendor hired by Plaintiffs, before those documents are fully available for review on the database.

Silverman Decl. ¶ 9.

## ARGUMENT

Plaintiffs are making a good faith effort to efficiently complete fact discovery and move the parties forward with expert discovery. Indeed, Plaintiffs have advised AbbVie that they intend to go forward with previously noted depositions in July. Plaintiffs reserve the right to seek their travel costs, stenography costs, and their time as a discovery sanction against AbbVie should any of these fact witnesses need to be re-deposed utilizing documents that are either: (1) compelled by the Court or (2) documents that are on the hard drives dumped on Plaintiffs at the end of discovery in the wrong file formats and that are not yet reviewed.

Plaintiffs seek a modest forty-five day emergency extension of the fact discovery deadline intended to assure that documents can be uploaded and reviewed, and so that witnesses provided after the failure of a June 20 mediation can be deposed so as to protect the interests of Plaintiff Carl Lucas, Jr., who Plaintiffs' contend is permanently disfigured as a result of Defendant AbbVie's promotion of an experimental, off-label treatment of a pre-existing skin condition with the drug Humira®. Carl will require eighteen future facial surgeries due to scarring that Plaintiffs' experts opine is caused by Humira®.

AbbVie, on the other hand, is prepared to grant modest extensions of discovery with respect to expert discovery deadlines in a manner that benefits solely the defendant, by allowing

discovery. At the same time, AbbVie is aware based on telephonic conferences that Plaintiffs must then engage in a mad scramble to review new documentary material provided in the wrong file format and which now must be re-produced by AbbVie and then processed by an e-discovery vendor hired by Plaintiffs, before those documents are fully available for review on the database.

Silverman Decl. ¶ 9.

## ARGUMENT

Plaintiffs are making a good faith effort to efficiently complete fact discovery and move the parties forward with expert discovery. Indeed, Plaintiffs have advised AbbVie that they intend to go forward with previously noted depositions in July. Plaintiffs reserve the right to seek their travel costs, stenography costs, and their time as a discovery sanction against AbbVie should any of these fact witnesses need to be re-deposed utilizing documents that are either: (1) compelled by the Court or (2) documents that are on the hard drives dumped on Plaintiffs at the end of discovery in the wrong file formats and that are not yet reviewed.

Plaintiffs seek a modest forty-five day emergency extension of the fact discovery deadline intended to assure that documents can be uploaded and reviewed, and so that witnesses provided after the failure of a June 20 mediation can be deposed so as to protect the interests of Plaintiff Carl Lucas, Jr., who Plaintiffs' contend is permanently disfigured as a result of Defendant AbbVie's promotion of an experimental, off-label treatment of a pre-existing skin condition with the drug Humira®. Carl will require eighteen future facial surgeries due to scarring that Plaintiffs' experts opine is caused by Humira®.

AbbVie, on the other hand, is prepared to grant modest extensions of discovery with respect to expert discovery deadlines in a manner that benefits solely the defendant, by allowing

AbbVie more time to complete expert designations, as well as to prepare to depose seven of eight of Plaintiffs' designated experts in short order. Yet, AbbVie unreasonably refuses any extension of overall fact discovery. Quite blatantly, AbbVie is attempting to use to the current fact discovery deadline of July 30— which is no longer tenable due to the above changed circumstances— to its strategic advantage. Indeed, AbbVie is attempting to use the deadline to cram down thirteen non-consecutive depositions in four different U.S. cities in a single month, all in a complex case and after a massive document dump upon Plaintiffs. This hardline "litigation by ambush" approach adopted by AbbVie should be seen by the Court for exactly what it is—an unreasonable tactic that is calculated to rush through the close of discovery and, ultimately, to prejudice Plaintiffs' presentation of evidence to the Court by depriving them of the ability to fully examine witnesses based on all relevant documents.

In summary, Plaintiffs' propose the following express modification to the Court's recently amended Scheduling Order [Dkt. 68, 74]:

| Scheduled Event | Original Deadline | Proposed (Revised) Deadlines |
| --- | --- | --- |
| Completion of Fact Discovery (¶ 5) | 7/30/2014 | 9/15/2014 (opposed) |
| Completion of Depositions of Plaintiffs' Experts | n/a | 9/30/2014 (agreed) |
| Completion of Depositions of Defendant's Experts Designated on July 23, 2014 | n/a | 10/15/2014 (agreed) |
| Deadline to File Dispositive Motions/Daubert Motions (¶ 3) | 8/11/2014 | 11/1/2014 (agreed) |
| Trial | | In accordance with the Court's availability in January. |

Plaintiffs proposed modest extension of the Scheduling Order is designed to fairly and efficiently accommodate the Parties' respective discovery needs, and is not proposed to create undue delay. For the foregoing reasons, Plaintiffs urge the Court to revise the Scheduling Order and adopt their proposed extended schedule for the completion of fact discovery, as well as the Parties' mutually agreed revision of expert discovery.

Respectfully submitted,

THE MARYE FIRM

/s/ Eric H. Marye

_____
ERIC H. MARYE
State Bar of Texas No. 24004798
2619 Hibernia Street
Dallas, Texas 75204
Telephone: (214) 987-8240
Fax: (214) 987-8241
emarye@maryelaw.com

/s/ Alexei M. Silverman

_____
Alexei M. Silverman, Esq.
*Admitted Pro Hac Vice*
Law Offices of Alexei M. Silverman, LLC
5325 Westbard Ave., Suite 301
Bethesda, MD 20816
Telephone: (800) 657-4971
Facsimile: (877) 240-4718
asilverman@lawbylex.com

The LIDJI Firm, PC

/s/ I. Scott Lidji

_____
State Bar No. 24000336
The LIDJI Firm, PC
2619 Hibernia Street, Second Floor
Dallas, Texas 75204
Tel:    (214) 753-4786
Fax:    (214) 753-4751
scott@thelidjifirm.com

7

*Attorneys for Plaintiffs*

Dated:  July 3, 2014

## **CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that all counsel of record are so registered.

    */s/ Eric H. Marye*_____

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| CARL LUCAS, JR. AND BETTYE CLAY, )<br>)<br>    Plaintiffs,  )<br>)<br>v.  )<br>)<br>ABBVIE, INC.,  )<br>)<br>    Defendant.  )<br>_____) | No. 3:12-CV-3654-D<br><br>Hon. Jane Boyle |

**PROPOSED ORDER**

Having considered Plaintiffs' Emergency Motion to Extend the Scheduling Order, Opposition thereto, and, for good cause shown, the Court GRANTS the relief requested and ORDERS that the Court's Scheduling Order be revised as follows:

| Scheduled Event | Original Deadline | Proposed (Revised) Deadlines |
|---|---|---|
| Completion of Fact Discovery (¶ 5) | 7/30/2014 | 9/15/2014 (opposed) |
| Completion of Depositions of Plaintiffs' Experts | n/a | 9/30/2014 (agreed) |
| Completion of Depositions of Defendant's Experts | n/a | 10/15/2014 (agreed) |
| Deadline to File Dispositive Motions/Daubert Motions (¶ 3) | 8/11/2014 | 11/1/2014 (agreed) |
| Trial | | In accordance with the Court's availability in Early 2015. |

_____
United States District Judge Jane Boyle

DATED: _____